FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

NOV 0 6 2020

JAMES W. McCORMACK, CLERK
By:_____
                    DEP CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

NELSON HARRIS, JR.                                                    PLAINTIFF

VS.                        NO. 3:20-cv-00361 DPM

RATNER STEEL SUPPLY CO.                                               DEFENDANT

This case assigned to District Judge MARSHALL
and to Magistrate Judge KEARNEY

## COMPLAINT

1. This is an action to remedy the termination of the Plaintiff, Nelson Harris, Jr. ("Harris"), from Defendant, Ratner Steel Supply Co. ("Ratner Steel"), at its Osceola, Arkansas plant, in violation of his rights because of his race (African American), and in retaliation for a complaint he made to management.

2. Plaintiff is entitled to relief for racial discriminatory acts and discharge by the Defendant herein under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., and the Civil Rights Act of 1991, and 42 U.S.C. § 1981. Plaintiff also states a cause of action against the Defendant for violating the Arkansas Civil Rights Act.

3. Section 703 of the Civil Rights of 1964 (Title VII), 29 U.S.C. § 20003-2(a)(1), provides that it is "an unlawful employment practice for an employer....to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's race, color, religion, sex or national origin."

4. 42 U.S.C. § 1981 states that all persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security

of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

## Jurisdiction

5. The Court has jurisdiction of this action based upon 28 U.S.C. § 1343 (a)(3)-(4). Jurisdiction for this action is provided by 42 U.S.C. § 2000(e)-5, which allows for injunctive and other remedial relief, as well as damages for discrimination in employment. Jurisdiction for this action is also provided by 42 U.S.C. § 1981.

## Supplemental Jurisdiction

6. "Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties." 28 U.S.C. § 1367(a). Many of the state law claims asserted herein by Plaintiff as hereinafter set forth can be heard by this Court as a matter of supplemental jurisdiction.

7. This is a legal action seeking compensatory and punitive damages as well as equitable remedies.

8. Plaintiff timely filed a Charge of Discrimination on the basis of race and retaliation with the Equal Employment Opportunity Commission ("EEOC") and received a Notice of Suit Rights on or about August 12, 2020, attached hereto as *"Exhibit A."*

## Parties

9. The Plaintiff is an African American citizen, residing in Bassett, Mississippi County, Arkansas.

10. Defendant Ratner Steel is a foreign for profit corporation organized under the laws of the State of Minnesota, doing business in Arkansas. At all relevant times, Ratner Steel has been and is now doing business in the State of Arkansas and the City of Osceola, and has continuously had and does now have at least 80 employees. Ratner Steel is a leading supplier to fabricators, OEMs and regional service centers with state of the art stretcher leveling and slitting capabilities. Ratner Steel distributes 30,000 tons of flat rolled steel per month.

11. Defendant's Chief Executive Officer and agent for service is Mark Ratner, 2500 West County Road B, Roseville, MN 55113.

12. This action is properly filed within the applicable statute of limitations; a copy of Plaintiff's Notice of Suit Rights is attached as Exhibit "A".

13. Defendant at all relevant times met all statutory requirements under 42 U.S.C. § 2000e et seq.

## Race

14. Plaintiff Harris is an African American male.

15. Plaintiff was hired April 30, 2018 through a temporary service as a demolition employee at $12.00 per hour; September 14, 2018, Plaintiff was promoted to a full time, regular employee in shipping, loading trucks with an overhead crane, at the same rate of $12.00 per hour.

16. On March 27, 2020, Plaintiff was transferred against his will to the CTL line, cutting steel.

17. When Plaintiff was transferred to the CTL line, his job in the shipping department was given to a white male.

18. The CTL line is a lot more difficult job than shipping, as Plaintiff Harris had informed management he had bad knees.

19. Plaintiff Harris was terminated on a pretext of not following company policy concerning cell phone use, checking on his family.

20. Plaintiff Harris was singled out for criticism regarding use of his personal cell phone when Caucasian employees were not criticized for the same conduct.

21. During this period numerous black employees were terminated and their positions were given to new hires, all Caucasian.

22. A white employee, Darrell Pope, who was on methamphetamines, almost blew himself up while violating safety rules, but was not terminated.

23. Darrell Pope, a supervisor over Plaintiff Harris, wrote Plaintiff up and caused him to get terminated.

24. Plaintiff was replaced with a white male.

25. Plaintiff was performing his responsibilities.

26. The two supervisors over Plaintiff Harris were playing music from their phones over the loud speaker; another supervisor, Keith Day, a manager under Jim Tidwell, a white manager, brought a gun, a pistol, to the plant site.

27. Pete Worthen, a white production manager, played the music and told Plaintiff Harris he didn't have the line filled up, assigning Plaintiff another employee's job.

28. Plaintiff's job did not get his work completed because Mr. Worthen moved Plaintiff to another line.

29. A Caucasian that Plaintiff trained, Darrell Pope, was made a supervisor with, line leak, on the CTL over Plaintiff.

30. Three white males started on the CTL line making more money than Plaintiff when Plaintiff was terminated.

31. Defendant hired numerous white males, but only hired one black male during Plaintiff's employment.

32. Plaintiff had to show other employees how to do their jobs.

33. Darrell Pope tore up equipment, blew himself up, but was never written up.

34. Plaintiff has a rare disease, Sarcoidosis, swelling of the spinal cord, and was perceived to have a disability, but was performing his responsibilities at the time of his termination.

35. Plaintiff's write-ups, criticisms, and ultimate discharge were in retaliation for his complaint, constituting a pattern of race discrimination and ADA discrimination.

WHEREFORE, Plaintiff prays the Court cause service to issue upon Defendant in this matter, and advance this case on the docket, order a speedy hearing, and on such hearing to this Court that it:

Enter a declaratory judgment declaring that the practices complained of herein are unlawful and violative of Title VII and 42 U.S.C. § 1981;

Grant a judgment against Defendant as follows:

Award Plaintiff compensatory damages and punitive damages in the amount of more than is required for federal diversity jurisdiction;

Award Plaintiff his costs and disbursements incurred in bringing this action, including a reasonable attorney fee and prejudgment expenses and costs as provided by law; and

Grant such other and further relief as is equitable and just.

Respectfully submitted,

LARRY J. STEELE PLC

By: *[signature]*
LARRY J. STEELE (78146)
P.O. Box 561
225 West Elm Street
Walnut Ridge, AR 72476-0561
(870) 886-5840
(870) 886-5873 fax
email: steelelaw7622@sbcglobal.net
*Attorney for Plaintiff, Nelson Harris, Jr.*

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

| To: | Nelson L. Harris, Jr.<br>P.O. Box 111<br>Bassett, AR 72313 | From: | Little Rock Area Office<br>820 Louisiana<br>Suite 200<br>Little Rock, AR 72201 |
|---|---|---|---|

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 493-2020-01181 | Ivonne A. Knutson, Investigator | (501) 324-5469 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_[signature]_  AUG 1 0 2020

William A. Cash, Jr.,  *(Date Mailed)*
Area Office Director

Enclosures(s)

cc: Jim Kidwell
Operations Manager
RATNER STEEL
1885 US Hwy 61
Osceola, AR 72370

"Exhibit A"